Good morning, Your Honor. Anthony Levy. May it please the Court. Can you see all right? I mean, do you have enough light there for you? I think so, Your Honor, at least for me. You want some more? I'm okay. Oh, it's okay. All right. Fine. As Your Honor is aware, this case is a – this appeal is based on a 12d6 motion that was granted based solely on statute of limitations grounds. As we've outlined in our opening brief and our reply papers, the lower court made numerous errors of law that warrant reversal or at least remand under the circumstances. First, there were Monell claims, and the lower court explicitly – I mean, simply ignored the fact that this Court has recognized that the continuing violation doctrine that applies to Title VII cases applies to Monell claims as well in Gutowski v. County Placer. Moreover, the lower court factually explicitly just said that – assumed that Mr. DeVey's claims all accrued on November 16, 2000, which is not necessarily the case. And the lower court also said that Mr. DeVey's claims all accrued on November 16, 2000, which is not necessarily the case. His second cause of action, which was under 1983, 1985, and 1988, was predicated upon a false imprisonment, false detain – false detention cause of action. Or it was – Kennedy, when did his detention – he himself wasn't detained, was he? He was detained on November 16, 2000. He was – And the detention ended? The detention did not end then, Your Honor, pursuant to Heck v. Humphrey. Pursuant to Heck v. Humphrey, the cause of action accrued when the last element occurred. And as this Court recognized in Cabrera, pursuant to Heck v. Humphrey, a false imprisonment or a false detainment does not necessarily occur until it is actually deemed invalid. His detentions were not deemed invalid until the June 11, 2002, invalidation pursuant to the administrative hearing when he was actually cleared of these allegations. Well, don't you need a conviction for Heck v. Humphrey to apply? Was there one here? There was not a conviction here, however, Your Honor. It has recognized that Heck v. Humphrey's analysis, at least in the Second Circuit, hasn't – this Honorable Court has not explicitly held so as yet. But Heck v. Humphrey does apply to disciplinary proceedings, which is what happened here. It was – Well, is this a habeas case? No, this is not a habeas case, Your Honor. And Heck v. Humphrey is, right? That's correct, Your Honor. Well, that doesn't make any difference. That does not make any difference, Your Honor. In your view. Not in my view, Your Honor. Okay. I mean, obviously – Well, Heck v. Humphrey was an attempt to bring a 1983 case before a habeas case was brought. That's correct, Your Honor. Okay. Yes. Now, the other issue is with respect to the supplemental jurisdiction claim. I mean, supplemental jurisdiction of the State law claims. Because we hold, or at least we're asserting that the Federal claims were viable,  was also held. You're saying if we reverse, we bring the whole complaint back for consideration by the district court, even though it was dismissed. Is that right? Do we need to reverse one of the decisions of the district court in order to bring the State claim back? Or are you saying independently, after all the Federal claims are dismissed, the district court mandatorily must consider a State claim? I'm saying, Your Honor, not mandatorily they must consider it. I'm saying that – All right. So it's a matter of discretion, right? That's right, Your Honor. Why did the district court not exercise discretion in this? It's his discretion, not mine, right? Or yours. That's correct, Your Honor. It's his discretion. However, it is an abuse of discretion if there are viable Federal law claims. Well, that's my – that's exactly my question. Do we have to reverse on a Federal law claim to go on to the last question, which is the dismissal of the State claims? Yes, Your Honor, if there is a viable Federal law claim. All right. Thank you. Let me ask you this. Was a State law claim filed when the Federal claim was filed? The – pursuant to the California Tort Claims Act, Your Honor? Yes. Yes, there was one filed, Your Honor. So you're covered? Yes, we are covered with respect to that. All right. When was the State claim – has that been resolved? I think it was prior to this case being – prior to this complaint being filed. I think it had been rejected by the City, Your Honor. Yeah, but I don't know when that happened. Let me make sure. Or maybe I should put it another way. Did you argue in the district court that the filing of the City claim equitably told your Federal action? That was argued by trial counsel in the lower court, Your Honor, and that argument was rejected. Pursuant – there was an argument that pursuant to 945, California Government Code 945.3, that the actions were told because there was a Government Tort Claims Act. Well, was a lawsuit filed in the superior court of the State of California at the time this Federal lawsuit was filed? No, Your Honor. Well, that's what I thought I asked you. No, I'm sorry. You got the – no, I can – you know, you thought I was talking about filing a claim. I misunderstood you, Your Honor. No, there was only one suit that was filed with the State and Federal claims in this action, Your Honor. And the lower court decided that because statute of limitations grounds precluded any of the Menel claims, which we assert that they do not, and the 1983 or the Federal civil rights claims based on – predicated on the false arrest and false imprisonment or false detainment actions, it declined to exercise supplemental jurisdiction. So the other attorney never filed any lawsuit in the State court?  None was filed, Your Honor. That was not too smart. All right. You want to reserve a couple of minutes? Yes, I'm going to reserve a couple of minutes, Your Honor, now. Okay. Thank you. May it please the Court, Gerald Sato for the City of Los Angeles and Bernard Parks. This morning I wanted to respond to a couple of points that were made in the reply brief and then to add something on the continuing violation argument. You know, now the statute of limitations is two years. That's right. All of these events were more than two years, I think, before the two-year statute became effective for personal injury lawsuits. This officer, what is his present status? My understanding is he's still on the force as an officer, but I'm – that's I haven't checked that in some weeks. The reply argued that my discussion and the district court's discussion of Government Code 945.3 was not relevant to our discussion. I think it's relevant in two ways. First, because the plaintiff asserted that statute, that's why the district court was justified in saying, well, it's conceded that the accrual and the cause of action was back in November of 2000. There's no need to argue a tolling statute if you actually had alleged or could allege an amendment, an actionable event occurring within the one year of the filing of the Federal complaint. It's also relevant because that particular tolling statute is tolls cases pending while criminal action is pending. It shows that the case could not be amended ever to allege that Office Adivi was either the subject or would ever be the subject of a criminal action. And so heck against Humphrey doesn't apply the two particular problems that the Supreme Court has in this case. They don't occur here. The potential for inconsistent civil and criminal judgments and the potential that 1983 might be used as an end around Federal habeas statute, the particular disciplinary proceeding or Second Circuit case counsel mentioned was a prison disciplinary case. There, again, the plaintiff had been a criminal defendant and was challenging the terms of incarceration, so the potential for inconsistent civil and criminal judgments regarding incarceration existed in that case. The point I wanted to make about continuing violation, around the time that we filed our briefs, this Court did publish a decision that rejected the related acts approach to continuing violations, and that was the Carpinteria Valley Farms against County of Santa Barbara case at 344 Fed Third 822, and that was from June 25 of 2003, which I think is just before we did our round of briefing. I think those are the points I wanted to make. What was the subject of the administrative disciplinary hearing against the officer? Your Honor, I'm not sure what the subject of the administrative complaint was. I mean, was it about the allegedly stolen auto parts? I don't – I have to admit, I don't even know that. My – I would only be assuming that it was not, because as the complaint alleges, the vehicle that was thought to be stolen and the vehicles that was at one point thought to have stolen parts were restored to the officer within, I think, 3 months at the latest. That's not something that would ordinarily have happened if there was still some suspicion that there actually were hot items on these vehicles. But I don't – I don't know the answer to this question. How about the claim against the city? If you put in a tort claim against the city, wouldn't it be imprudent for a Federal court to entertain a 1983 action before that complaint was – that claim was resolved if you put in a complete claim against the city? I think – maybe I can address it this way. I think there's a long line of cases that say that State internal procedures should not have to be exhausted in order for a plaintiff to – No, that's true. You don't have to exhaust, but that doesn't answer the tooling question. Were there limitations – I mean, it seems to me an orderly procedure, if a claim is put in against the city that has the same subject as the Federal 1983 action, I would think as a matter of orderly procedure that it would be better to have the city resolve the claim before we have a lawsuit about it in Federal court. Well, I think the point I'd make – I'm sorry. You put a claim in for the – first of all, you could have filed this 1983 action. It was not necessary to file a claim to the city. Right. Yeah, I mean, that's settled a long time ago. But the fact that he filed a claim against the city, that's a condition preceding to filing a lawsuit in State court. You have to do that first. A jurisdictional prerequisite to the State substantive law claims. Yeah. So he was headed on that State track to begin with. It could have. Once the State court claim was either rejected or could have been deemed rejected, yes, a State court lawsuit could have been initiated in the first instance. I think – Is there anything in the record before the district court that spells this all out? Or are we dealing with conjecture? With regards to the State – The status of any claim against the city. Oh, yeah. The filing, the timely filing, the untimely filing, the continuing filing, so on. Anything to do with that claim. I believe the only thing before the district court was the tort claim itself was an exhibit on the complaint. It's the exhibit that's on my brief. Okay. And then the allegation that it was filed and the date it was filed. I think there was an allegation of when it was rejected. But beyond that, I don't think there was anything else about the tort claim. Did I respond adequately to Your Honor's question about State tort claim procedure versus 1982? I think to have the equitable tolling, in some sense you'd be making the claimant with the Federal substantive claim have to wait unnecessarily, especially now that there's a 2-year statute. For instance, we have this one case we had where there's a Federal – there's a State rule that you can't bring an action against an officer until after the criminal action is resolved or something like that. And what I'm looking at, I think, is Harding v. Gelserand, which is 889 F. And what we said was, well, California can have a rule that you can't sue the officer in State court until the underlying criminal complaint is resolved. But that can't bind the Federal court. So you can come into Federal court right away and sue the officers. But it makes sense to toll the limitations while you wait for the criminal complaint to be resolved. And I guess I wondered whether that kind of reasoning could apply here when apparently there's some sort of an administrative complaint that needed to be resolved or even a tort claim that needed to be resolved. I suppose it would help if we knew exactly when the tort claim had been rejected by the city. Well, that would give me a concrete context to address. I'm aware of cases where a State court has stayed a civil action when a criminal action was filed that had some kind of related subject material, again, to avoid the problem of inconsistent criminal and civil judgments. But other than that, I'm not familiar with any cases where a statute for the Federal substantive claim was told in the context that Your Honor is describing. Well, someone say, I mean, this officer was arrested, wasn't he? Well, the allegation is that he was. Was he booked? No, I don't believe. At the Parker Center? My understanding is there was not a criminal arrest in that sense, a full booking. And that's why the word arrest is not used. Well, but I mean, a search warrant was issued. Yes. Huh? Yes. That was not issued in connection with any civil matter, was it? No, it was. They thought that he'd stolen these vehicles, the Porsche and the Range Rover, and there was one other vehicle. So they went right after him, served him with this search warrant. Yes. Right at the station. Yes. And then they took him down to Parker Center. That's my understanding, or that's the allegation. They must have booked him over there. Well, my understanding is that there was not a criminal process other than the search warrant. There wasn't. Well, why would they take him down to Parker Center for a cup of coffee or something like that? There are sometimes detentions in the course of potential disciplinary proceeding, but my understanding is that he was not booked, that that process didn't happen. Well, let's say that he was booked and that criminal proceedings were initiated in that sense for him to file a 1983 action in the federal court, that would have been premature in light of Heck v. Humphrey. I think that's correct. I'm aware of one published district court memo that was not a search warrant case, but it was a judicial deception to obtain a phone tap that district court just said. But again, none of this is in the record before the trial court. It's neither asserted by the defendant nor asserted by the city, and it's not before us, right? That's correct. The sole ground of our motion to dismiss the federal substantive claim was just one of your statute. Yeah, but the district court could have taken judicial notice of the city's file on this disciplinary matter of filing of the claim. I don't know whether the existence of the disciplinary proceeding, but its contents and subject matter and things like that, I'm not sure it would be a subject for judicial notice. You know, we have a policy of hearing cases on the merits, right? And now the statute's two years. Well, I think if there could have been some actionable event alleged occurring within the one year, I think it was for the plaintiff to say, look, I don't even need the tolling statute and I don't even need Heck v. Humphrey. Here's something that happened. But the plaintiff didn't do that, and I think the district court was justified in saying, well, it really cannot be amended to that effect. Well, it's kind of an odd set of facts here, where they jump on an officer and think he's harboring stolen vehicles and stolen parts. And, of course, all we know is that he was just served with a search warrant, and I guess there was probable cause for reasonable suspicion then. All right. Thank you. Thank you. Just a couple of quick follow-up points, Your Honors.  First of all, I think it's important to understand that the plaintiff's claim that the vehicle was stolen was based on the allegedly stolen parts. And when he was vindicated, it was found that the parts were not stolen in the automobile, so it was directly related to the underlying act. Is all of this in the record? With respect to the disciplinary hearing? Yeah. Here. I mean, before the district court. Were these claims made in the district court? They were made in the complaint, Your Honor. All right. They were made in the complaint with respect to the district court. But evidence was submitted to the district court? Some record was made in the district court? I'm not sure I can ---- If I go down and get the whole district court record, am I going to find everything you're arguing about? You will find it in the complaint, in the complaint in paragraphs. All right. That's an allegation missed for failure to state a claim. Is that correct? That's correct, based on statute of limitations grounds. So the only thing in the record is the complaint. That's correct, Your Honor, and the moving papers. So it's based on the face of the complaint and pursuant to this Court's standards with respect to 12b-6, the appellant was entitled to any reasonable inferences. And that goes to another point. While holding counsel did bring up the point that this Court issued a ruling in Carpenter regarding the continuing violations, continuing violations that this Court ---- the continuing It's not only one of the related acts occurring within the statute of limitations period, but it's also the systematic policy or practice of discrimination. Now, the lower court explicitly recognized that the complaint alleged not only unlawful detentions and arrests, but improper disciplinary matters by the city, improper investigations and improper selection, training and supervision. The complaint alleges in it that he was subjected to not only a related disciplinary hearing, but that this disciplinary hearing was improper. There was an improper investigation under the circumstances and the disciplinary hearing was improper as well. So at a minimum, there's not only related acts that occurred within the statute of limitations, but a systematic policy of practice of discrimination under the standards of 12b-6 that can be alleged by this complaint. So he did do something within the statute of limitations. And just to clarify for the Court, in Exhibit 1, I believe that the ---- which is the complaint in paragraphs 8 and 9. Paragraph 8 indicated that the ---- that the torts claimed act was ---- was filed on May 17th, and I believe the denial letter was filed on ---- received on August 15, 2001. So the city did act upon the ---- upon the torts claims act in August 2001. And when was your complaint filed? I believe the complaint was filed on August 14, 2002. They were after the denial letter. And on those facts, I'll submit, Your Honor, unless you have further questions. Well, was it ---- I missed those dates. Was it filed within a year? Yes, Your Honor. It was filed within a year of the denial letter. The denial letter occurred on August 15, 2001. But he was, in a sense, under house arrest. That's ---- They tell him to go home and stay there. That's correct, Your Honor. And they took his holster from him. And he was not vindicated until August of ---- until the administrative hearings in June of 2002. Well, did he stay home all that time, or was he banned from that? He was permitted. This isn't in the complaint, Your Honor, but ---- Well, then I guess we don't have this. Unless you have any further questions, I'll submit. All right. Thanks. Thank you very much, Your Honor. The matter stands submitted. Thank you, Your Honor.
judges: Pregerson, Canby, Beezer